### HILL ET AL. *v.* HESS ET AL.

[No. 14,249. Filed November 4, 1931. Rehearing denied April 7, 1932. Transfer denied May 13, 1932.]

*Charles M. McCabe* and *William W. Kummings,* for appellants.

*Ernest E. Cole, Charles B. Clarke* and *Walter C. Clarke,* for appellees.

LOCKYEAR, J.—This was an action on a written contract for the sale of real estate where the appellants refused to accept a conveyance and pay for certain real estate which they agreed to purchase from the appellees.

The facts were found specially by the court, in substance, as follows: That, on July 11, 1924, and for a year prior thereto, the plaintiffs were the owners and in possession of a certain residence property in the city of Indianapolis, known as "406 East 47th Street," described as follows: Forty feet off the entire east side of lot sixty-seven in Arthur V. Brown's East Meridian Heights Addition to the city of Indianapolis as per Plat-Book No. 13, page 101 of the records in the office of the recorder of Marion County, Indiana.

A written proposition was executed by Edgar Hill and his wife, Edda Hill, on July 11, 1924, as follows: "E. F. Long Realty Co., 401 Kresge Bldg. Office Lincoln 3171, residence Irvington 2808.

"Indianapolis, Indiana, July 11, 1924
"Mr. Edgar Hill
"Mrs. Edda Hill.

"*We* hereby agree to purchase from the owner or through you, as his agent, the property known as 406 East 47th Street, located in the city of Indianapolis, Marion County, Indiana. We hereby further agree to

pay for said property the sum of Eight Thousand Two Hundred and Fifty Dollars ($8,250) cash to be paid upon the delivery of a good and sufficient general *warrantee* deed. We will assume the mortgage with Railroadmen's Loan Co. and deduct same from said purchase price, providing the loan amounts to the sum of $4,000. We are to have complete possession on or before the 23rd day of July, 1924. Rents and premiums on insurance to be pro-rated to date of transfer of deed. We will assume the taxes for the last half of the year 1924, payable in 1925 and all assessments for municipal improvements completed after this date.

"That we are to be furnished free of charge an original and complete merchantable abstract of title to said date, said abstract to show a merchantable title to said real estate in the name of the grantors who will sign the deed conveying said real estate. This transaction is to be closed within 5 days after a merchantable abstract showing good title is delivered.

"This offer is void if not accepted in writing on or before 6:00 o'clock of the 11th day of July, 1924.

"It is also agreed that this purchase includes electrical or gas fixtures, window shades, screens or awnings which may belong to above property that are on the premises or elsewhere. Also linoleums and curtain rods, and coal basket in grate. Edgar Hill, Mrs. Edda Hill." That said proposition was accepted by Charles L. Hess and Wilda May Hess in writing before 6:00 o'clock p. m. on July 11, 1924 as follows:

"As owners of the above described real estate we hereby accept the above proposition this 11th day of July 1924, and agree to pay to E. F. Long Realty Company, agent, immediately upon consumation of the deal the sum of Four Hundred and Twelve Dollars and fifty cents which is the regular Indianapolis Real Estate

Board Commission for their services rendered in this transaction.

> "Charles L. Hess
> "Wilda May Hess."

That, on or about August 6, 1924, the appellees tendered to the appellants a deed for said real estate.

The court finds further that the appellants paid the agent $100 as and for earnest money to bind the bargain and to apply on the purchase of said real estate, which the agent has held and retained by him as part of his commission. The court further finds the fair market value of the real estate in question on July 11, 1924 to be $7,750, and, as a conclusion of law, that the appellees are entitled to recover from the appellants the sum of $500, and rendered judgment for said amount, with interest at the rate of six per cent per annum from August 6, 1924.

The issues were tendered by answer of general denial to complaint, and special answer of fraud. Neither the findings of fact nor the evidence shows any fraud, and the court was justified in finding for the appellees in the amount of $500 under the issues tendered by the pleadings. The evidence is sufficient to support the findings of fact as to the value of the property at the time the appellees refused to accept a conveyance.

Finding no reversible error, the judgment is affirmed.